JAMES DORWIN MARCUM, *et al.*

*v.*

CLARENCE BELLOMY, *et al.*

(No. 13316)

Submitted February 5, 1974.     Decided March 19, 1974.

*John L. Hash* for appellants.

*William J. Wells* for appellees.

NEELY, JUSTICE:

This is an appeal from a final judgment of the Circuit Court of Wayne County in which the Circuit Court directed a verdict for the defendants. Plaintiff James Dorwin Marcum is an infant, who was allegedly injured

when bitten in the face by a large German Shepherd dog owned by defendants. Plaintiff Leslie Marcum is the father of James.

On February 17, 1971 James was playing around or on a swing located in the yard of Mary M. Johnson, his great grandmother, approximately fifteen feet from a forty-two inch high fence between the property of Mrs. Johnson and the defendants. The child was playing alone and his mother, Barbara C. Marcum, was observing him while standing at a glass storm door inside of the house while preparing lunch. No one except Mrs. Marcum observed the child playing, and at the time that the injury occurred Mrs. Marcum had momentarily diverted her attention to the stove which was out of the line of sight of the door. As she went to the stove to fill a plate for lunch, she heard screams and immediately returned to the door to observe her son in the yard with the defendants' large dog nearby. She promptly ran to James and found him bleeding and screaming, and the child was taken to the Cabell Huntington Hospital. As a result of the accident, James received severe lacerations near his right eye and the left corner of his mouth, which produced scars which are allegedly readily apparent and disfiguring. The child was operated upon by a plastic surgeon, and at the trial the surgeon testified that in order to achieve any reconstruction of the disfiguring scars, at least two subsequent operations will be necessary.

During the course of the trial the plaintiffs sought to introduce into evidence what the child told his mother immediately after the accident occurred. In narrating the accident Mrs. Marcum made the following response:

> " . . . I ran towards the child I said, 'What's the matter? What happened? What did you do?' He had his hand over his face and blood was all over him, and he said, 'Prince bite me.' "

Upon objection of defendants' counsel, the court instructed the witness not to testify concerning what the child said to her.

The questions presented for decision in this case are whether the court should have admitted into evidence the testimony of the mother concerning what her son said to her immediately after the accident, and the proper interpretation of the West Virginia statute imposing liability upon a dog owner for dogs running at large, Chapter 19, Article 20, Section 13, *Code of West Virginia,* 1931, as amended.

The defendant argues that as a child under the age of six is presumed to be incompetent to testify as a witness, *State v. Michael,* 37 W.Va. 565, 16 S.E. 803 (1893), testimony should not be admitted concerning what he said to his mother immediately following the accident, in spite of the fact that such utterances might otherwise qualify under the *res gestae* exception to the hearsay rule. The Court finds no merit in this contention, as it is not the credibility or perception of the child which is being tested, but rather the credibility and perception of his mother, an adult witness. A spontaneous utterance by a child immediately after an accident, while in apparent pain and still covered with blood, has highly probative value as part of the overall transaction. *State v. Coram,* 116 W.Va. 492, 182 S.E. 83 (1935). Accordingly we hold that the Circuit Court erred in refusing to admit and consider Mrs. Marcum's testimony under the *res gestae* exception to the hearsay rule. In the recent case of *State of West Virginia v. Donald Mahramus,* 157 W.Va. 175, 200 S.E.2d 357 (1973), this Court reaffirmed syllabus pt. 1 of *State v. Coram, supra,* in which it was said:

> "Statements by a participant in a transaction are admissible as part of the *res gestae,* if spontaneous and made while under the influence of the transaction itself."

The second question of law presented is the proper interpretation of *Code,* 19-20-13, as amended, which says:

> "Any owner or keeper of any dog who permits such dog to run at large shall be liable for any damages inflicted upon the person or property of another by such dog while so running at large."

Before the passage of this statute, the rule in West Virginia was that it was necessary to prove negligence on the part of the dog owner by demonstrating that the owner knew or should have known that the dog had vicious proclivities in order to recover for a dog bite. The extent to which this rule concerning liability has been modified by the passage of *Code*, 19-20-13, as amended, is one of first impression.

In deciding this case, the Circuit Court grafted onto the statute the former requirement that a defendant be negligent. The Court said:

> " . . .[E]ven assuming that the Court felt that the proof was sufficient to show that the dog, Prince, actually caused the injury complained of, that no negligence or knowledge on the part of the owners has been shown sufficient to establish liability on the part of the owners of the dog, Clarence and Ruby Bellomy, the defendants, and that the Statute cited by the plaintiff, the West Virginia Code, Chapter 19, Article 20, Section 13, still bears with the knowledge of a person who knowingly permits such dog to run at large and that such knowledge has not been proved in this case, and the statute still bears with the common law necessity of establishing negligence on the part of the defendants by a preponderance of the evidence."

We disagree with this interpretation of the statute by the Circuit Court. It is the obvious intention of *Code*, 19-20-13, as amended, to place responsibility for damage done by dogs upon the owner of such dog, in spite of the words in this statute "who permits such dog to run at large." The qualifying words "who permits such dog to run at large," would avail a person a defense on his own property, and probably a defense if a third party were to enter upon the land and release a dog properly confined without the owner's knowledge, consent, or implied consent. A dog is permitted to run at large if he is not properly secured.

For the foregoing reasons the judgment of the Circuit Court of Wayne County is reversed and the case is remanded to the Circuit Court for a new trial.

*Reversed and remanded.*